UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Ft Myers Division

CIVIL RIGHTS COMPLAINT FORM

JUAN C. RAMIREZ

4404 NORMANDY DRIVE

NAPLES, FL 34112

(Enter full name of each Plaintiff and prison
number, if applicable)

CASE NUMBER: 2:26-CV-1930-SPC-NPM
(To be supplied by Clerk's Office)

v.

City OF NAPLES, COLLIER COUNTY
SHERIFF DEPARTMENT, SHERIFF KEVIN
RAMBOSK, CORPORAL RYAN PEDORELLA

CORPORAL RANDY LEMLEY, & CORPORAL
MAXWELL LAWSON.

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

_____/

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: RELEASED FROM COLLIER JAIL
                                   (Indicate the name and location)

_____

II.   DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
      THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (X) No ( )

      [If your answer is YES, after reviewing the exhaustion requirements, answer the following
      questions]

DC 225 (Rev. 9/03)                          1

.          .

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility.  Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion.  (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form.  If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1.  Informal Grievance (Form DC3-005)
2.  Formal Grievance (Form DC1-303)
3.  Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (X) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

3.  Were you denied emergency status?  Yes ( ) No (X)

a.  If so, did you go through the informal grievance, formal grievance and appeal process?  Yes ( ) No ( )

b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)                              2

1.  Did you submit an informal grievance (Form DC3-005)? Yes (✗) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.  <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1.  Did you have a disciplinary hearing concerning this matter? Yes (✗) No ( )

2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.  Did you submit a formal grievance (Form DC1-303)? Yes (✗) No ( )

4.  If so, you must attach a copy of the grievance and response to this Complaint form.


D.  <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
    Yes (✗) No ( )

2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ____09____ day of ____JUNE_____ , 20_26___ .


X_____
Signature of Plaintiff

III.    DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (X) No ( )

If your answer is YES, answer the following questions.

A.    Is there a grievance procedure at your institution or jail?  Yes (X) No ( )

B.    Did you present the facts relating to your Complaint in the grievance procedure?  Yes ( ) No ( )

C.    If your answer is YES:

1.    What steps did you take? _FILED ONE GRIEVANCE COMPLAINT_

2.    What were the results? _DENIED_

3.    To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.    If your answer is NO, explain why not: _ONLY DENIAL OF GRIEVANCE & APPEAL_

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _09_ day of _JUNE_ , 2_026_ .

_____
Signature of Plaintiff

DC 225 (Rev. 9/03)                                    4

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): _____ N/A _____

_____

Defendant(s): _____

_____

2.   Court (if federal court, name the district; if state court, name the county):

_____

3.   Docket Number: _____

4.   Name of judge: _____

5.   Briefly describe the facts and basis of the lawsuit: _____

_____

_____

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

_____

_____

7.   Approximate filing date: _____

8.   Approximate disposition date: _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_NONE_

V.    PARTIES:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.    Name of Plaintiff: _____ N\ _____

Mailing address: _____

_____

B.    Additional Plaintiffs: _____

_____

In part C of this section, indicate the **full name** of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.    Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

D.    Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

DC 225 (Rev. 9/03)                                    6

E.  Defendant:            _____

    Mailing Address:      _____

                          _____

    Position:             _____

    Employed at:          _____


F.  Defendant:            _____

    Mailing Address:      _____

                          _____

    Position:             _____

    Employed at:          _____


G.  Defendant:            _____

    Mailing Address:      _____

                          _____

    Position:             _____

    Employed at:          _____

VI.    STATEMENT OF CLAIM:  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Excessive use of forces by three correctional officers
Assault & batteries by correctional officers
Violation of plaintiff 4th U.S Constitution Amendment

VII.   STATEMENT OF FACTS:  State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.**  State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1  On March 05, 2024, Plaintiff was arrested by Sheriff Department of Collier County for moving traffic violation; Driving with a Driver License Revoked.

2  On June 13, 2024, Plaintiff was assaulted & battered while housed in Collier County, Jail-Detention Center by Corporal Ryan Pecorella and Corporal Randy Lemley

DC 225 (Rev. 9/03)                                    8

IN THE U.S. DISTRICT COURT
IN AND FOR MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CIVIL ACTION – CASE NO. 2:26-CV-1930-SPC-NPM
MAY JUNE 09 , 2026

JUAN C. RAMIREZ,
    PLAINTIFF,

VS

CITY OF NAPLES, COLLIER COUNTY
SHERIFF DEPARTMET, SHERIFF KEVIN
RAMBOSK, CORPORAL RYAN PECORELLA,
CORPORAL RANDY LEMLEY, AND
CORPORAL MAXELL LAWSON,      MAXWELL
ET. AL.,

_____/

CIVIL RIGHTS COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

_____

    PLAINTIFF, JUAN C. RAMIREZ, PRO SE, FILES HIS COMPLAINT FOR
VIOLATION OF CIVIL RIGHTS WHILE IN DETENTION AT NAPLES JAIL CENTER
3347 TAMIAMI TRAIL EAST, NAPLES, FL., 34112. PLAINTIFF COMPLAINT
AGAINST COLLIER COUNTY, CITY OF NAPLES, COLLIER COUNTY SHERIFF
DEPARTMENT, SHERIFF KEVIN RAMBOSK, IN HIS OFFICIAL CAPACITY, RYAN
PECORELLA, RANDY LEMLEY AND MAXWELL LAWSON, ALL COLLIER
COUNTY CORRECTIONAL OFFICERS.

    PLAINTIFF HAS BEEN ARRESTED AND DETEINED IN COLLIER COUNTY
DETENTION CENTER FOR DRIVING WITHOUT A VALID FLORIDA DRIVERS
LICENSE FOR FIFTH TIME AND PENDING TRIAL BEFORE A COUNTY COURT.

I

1. On or about 06, 13, 2024, the Office of Professional Responsibility (OPR) received a phone call from Mary Schow, alleging that her friend . Juan C. Ramirez, has been the victim of excessive force, while incarcerated at Naples, Jail Center, where he was housed..
2. Ramirez sated the force used by Corporal Pecorella was excessive and as a result his nose was broken and his face was badly damaged.
3. The incident occurred on June 13, 2024 and plaintiff has filed an incident report grievance complaint.
4. Plaintiff alleged to interview officer that on 06/07/2024, corporal Pecorella was orking his shift and had an incident regarding one razor's return with an inmate and him and other inmates believed the conduct of defendant Pecorella was not professional and Pecorella displayed a lack of control and inmates wrote a grievance complaint signed by him, Ramirez and other inmates and plaintiff considers defendant Pecorella was offended to him and others inmates for mentioned complaint.
5. On June 13, 2024, Plaintiff was lying down on his bunk suffering of respiratory problems and disness due nasal and headache congestion.
6. Plaintiff considered and felt that his blood pressure was so down that medication for blood pressure will worsened his actual health condition.
7. Defendant Pecorella came to Plaintiff's bunk and ordered Plaintiff to sign one form refusing medication.
8. Plaintiff explained to Defendant Pecorella that 7 prior occasions Plaintiff has refused to get medication for blood pressure and no one time had to sign the refusal form.
9. Defendant Pecorella became enraged and grabbed Plaintiff by his sweatshirt and the neck picked him up off the bunk and began yelling at plaintiff.
10. Defendant Pecorrella hitted plaintiff at least 15 times against wall and in his face, ribs and back.
11. AS a result, plaintiff's nose and face were broken in different parts, as well as 3 ribs and back

12. Several jail officers were present during this assault and indiscriminate and terrible battery non officers attempted to de-escalate the situation, despite the fact that plaintiff never offered resistance, never acted aggressively toward defendant Pecorella and/or other officers

13. In fact, during all plaintiff detention, his conduct were normal and no violation of the institution rules and regulations.

14. Plaintiff was transported to the County Hospital near detention center and housed at the hospital for treatment of plaintiff's numerous injuries done by defendant Pecorella.

15. Subsequent CCSO (Collier County Sheriff Office) investigations resulted in exoneration for the unlawful actions of defendant Pecorella.

16. Collier County state Attorney Office, relying on the complete investigation and exoneration of defendant Pecorella decliined to press charges against defendant Pecorella.

17. Instead, State Attorney pressed charges againt Plaintiff resistant and battery to one Collier County Jail Officer, to witt: Corporal Ryan Pecorella.

18. Defendant's violent acts & CCSO's perfunctory investigations in plaintiff case and its result were anomalies but pat of a larger pattern of excessive force and failed accountability in the CCSO. Under Sheriff Ramboak'a leadership and the command of top-level CCSO Officials, the ccso intentionally fails to thrully investigate and santcion its officer's use of excessive force against civilian and detainees (including beatings and shortings) or hold officer -in the street or detention center- and/or hold Officers accountable for such misconduct.

19. As a result, ccso Officials and Jail Corporals come to believe they can harm civilians and prisoners with impunity and they do so.

20. Plaintiff, respectfully, asks this Honroable Court, to take legal action on the custom of unlawful force and failure accountability that has pervaded the CCSO for last years and stop the ceaseless abuse of people in Collier County.

24. Defendant Collier County Sheriff Kevin Rambosk is and was at all times relevant to this action, the Sheriff of Collier County, Florda.  At all times relevant hereto, Kevin Rambosk was acting under the color of state law as the agency head f the CCSO.  He is sued in his official capacity on behalf of Collier County, Florida for compensatory damages under federal and state law.

V

DEFENDANT CORRECTIONAL OFFICER VIOLATED CCSO POLICIES

25. Under CCSO's response to resistance policy, force must be proportionate to subject's resistance level.  A CCSO deputy or correctional officer "must de-escalate the response level to the minimum response necessary to control the subject" and "safety bring the incident to a close>"

26. When executing a response to resistance, CCSO's correctional officers should consider the physical factors of the subject" ( e.g. size, age, weigt and apparet physical ability), the number of subjects involved, the seriousness of the crime of offense committed by the subject.  Officers are also to consider the number of officers at the scene, the size and physical ability of the officers and available use of force options.

26. By policy, correctional officers have a duty to intervene to prevent or stop excessive force by other officers, they also must report such force to a supervisor.

27. Correctional officers violated each of these provision, failing to use proportionate force and failing to de-escalate the situation, for instace, by using negotiation  tactics, slowing down the response, giving verbal commands and warnings in Spanish (Plaintiff is a speaking Spanish with limited knowledge of the English language)

II

## JURISDICTION OF THE COURT

21.  This case arised under the United States Constitution and the laws of the State of Florida.

The Court has subject matter jurisdiction over Plaintiff's federal claims under 28 u.s.c. secs 1331 and 1343(a) and over his state law claims pursuand to 28 U.S.C. sec. 1367

III

## VENUE

22.     Venue is proper in the Middle District of Florida under 28 U.S.C. sec. 1391(b) as the events giving rise to the claims occurred in this judicial district.

Iv

## PARTIES

23.     Juan C. Ramirez is a _58_ year old man who was born in Mexico and resided in Naples, Florida, in Collier County, at the time of events occurred

Defendant Ryan Pecorella was at all relevant time correctional officers duly appointed and employed as such with the CCSO.
As such, he was acting under color of state law at the time of the events giving rise to this action. He is sued in his individual capacity for compensatory and punitive damages under federal and state law.

24. Defendant Randy Lemley was and is at all relevant times correctional officer duly appointed and employed as such with the ccso. As such, he was acting under color of state law at the time of the events given rise to this action. He is sued in his individual capacity for compensatory and punitive damages under federal and state law.

25. Defendant Maxwell Lawson was at all relevant time correctional officer duly appointed and employed as such with the CCSO. As such, he was acting under color of state law at the time of the events giving rise to this action. He is sued in his individual capacity for compensatory and punitive damages under federal and state law..

26. Defendant Collier County Sheriff Kevin Rambosk is and was at all time relevant to this action, the Sheriff of Collier Count. Florida. At all time relevant to this action, the Sheriff Kevin Rambosk was acting under color of statate law as the agency head of the CCSO He is sued in his official capacity on behalf of Collier County, Florida for compensatory dmages under federal and state law.

## DEFENDANT OFFICER VIOLATED CCSO POLLICIES

27. Under CCSO's response to resistance policy, force must be proportionate to a subject's resistance level.. A CCSO 's correctional officer must de-escalate the response level to the minimum response necessary to control the subject and safely brng the incident to a close,

28. CCSO policy includes a less force philosophy by which officers are expected to de-escalate situation and apply responsive force in a way that meets Operational objectives, with less potential for causing death or serious pjysical injury than conventional tactics.

29. When planning a response to resistance, CCSO correctional officers should consider the physical factors of subject involved, the seriousness of the offense or crime committed by the subject. Officer are also to consider the number of officers at the scene, the size and physical ability of the other correctional officer and available use of force options.

30.    Defendants Officers violated both the law and CCSO policies in brutal encounter with plaintiff.  Yet CCSO intentionally failed to adequately hold the Officer accountable for their conduct, which directly resulted in the unnecessary beating of plaintiff.

### CCSO HAS A PATTERN AND CUSTOM OF USING UNREASONABLE ON CIVILIANS AND A CUSTOM OF FAILED ACCOUNTABILITY

31.    Defendant officers' unlawful assaltuded and beated plaintiff and the subsequent cover-up of the misconduct by CCSO officers was not an outlier but part of larger pattern of violence and impunity in the CCSO.

32.    CCSo, through its officers (police, correctionals and the like) has a practice and custom of using unreasonable and excessive force against civilians, in violation of the Fourth Amendment of U.S. Constitution,  CCSO policies governing use of force, and related regulations.

33.  CCSO also has a de factio policy an custom of failed accountability for such violence, which has been tolerated by CCSO superiors and ratified at the highest channels in the Office.  On belief, the CCSO superiors has never sought criminal charges against any officer who engaged in unlawful physical force. While these incidents were purportedly investigated internal affairs, each resulted in little to no discipline for the officers, even where they engaged in clear policy violations, as the case at hand, including failure to abide by CCSO policies governing response to resistance, de-escalation, mental health, report writing and other law enforcement directives.

34.    Sheriff Rambosk, the final agency policymaker and other top officials in te CCSO had knowledge of and signed off on each of these investigations as a matter of CCSO policy and practice. In doing so, CCSO officials deliberately approved an acquiesced in the misconduct of its officers and perpetuated a culture of violence and impunity in the CCSO.

## PLAINTIFF'S ACTUAL AND FUTURE DAMAGES

35. DEFENDANTS' BRUTAL MISCONDCT CAUSED SEVERE ACTUAL AND FUTURE DAMAGES TO PLAINTIFF

36. BY THEIR MISCONDUCT, DEFENDANTS PROIMATELY CAUSED ALL OF THESE SIGNIFICANT HARMS, FOR WIHICH PLAINTIFF SEEKS COOMPENSATORY, PUNITIVE AND STATE LAW DAMAGES THROUGH THIS SUIT AND AS SET FORTH IN THE COUNTS BELOW.

## COUNT I

## EXCESSIVE FORCE

FOUR AMENDMENT CLAIM UNDER TITLE 42 U.S.C. SEC. 1983, AGAINST DEFENDANTS CORRECTIONAL OFFICERS, PECORRELLA, LAWSON AND LEMLEY. IN THEIR INDIVIDUAL CAPACITIES.

37. PLAINTIFF INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN PARAGRAPHS 1 TO 36 AND FURTHER ALLEGES AS FOLLOWS, THAT:

38. COUNT I IS ALLEGED AGAINST DEFENDANTS PECORELLA, LAWSON AND LEMELY IN THEIR INDIVIDUAL CAPACITIES, WHO WERE AT ALL TIMES MATERIAL HEREO CCSO JAIL OFFICER AND EMPLOYEES ACTING UNDER THE COLOR OF STATE LAW AND WITHIN THE SCOPE OF THEIR EMPLOYMENT.

39. RYAN PECORELLA'S CONDUCT WAS THUS OBJECTIVELY UNREASONABLE AND VIOLATED PLAINTIFF CLERALY-ESTABLISHED RIGTHS UNDER THE 4TH AMENDMENT OF THE U.S. CONSTITUTION, AS INCORPORATED AGAINS THE STATES, TO BE FREE FROM EXCESSIVE FORCE AND UNREASONABLE BATTERY.

40. THE ACTION AND OMISSIONS OF LAWSON AND LEMLEY WERE THE DIRECT AND PROXIMATE CAUSE OF THE VIOLATIONS OF PLAINTIFF'S CLEARLY ESTABLISHED 4TH AMENDMENT RIGHTS.

41.  PLAINTIFF SEEKS ALL AVAILABLE COMPENSATORY AND PUNITIVE DAMAGES FOR LAWSON AND LEMLEY VIOLATONS, AS SET FORTH IN PARAG., 1 TO 40  THESE DAMAGES INCLUDE THE BRUTAL BATTERY GIVEN TO PLAINTIFF BY DEFENDANTS AND ITS SEVER BODY CONSEQUENCES , AND FURTHER  PAIN AND SUFFERING  AND EMOTIONAL AND MENTAL DISTRESS PLAINTIFF SUFFEERED DURING ASSAULT AND BATTERY AND SUBSEQUENT SEQUELES.

## COUNT II

4TH AMENDMENT CLAIM UNDER TITLE 42 U.S.C. SEC. 1983 AGAINST DEFENDANTS CORRECTIONAL OFFICERS, PECORELLA, LAWSON AND LEMLEY, IN THEIR INDIVIDUAL CAPACITIES.

42.  PLAINTFF INCOPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN PARAG. 1 TO 42 AS THEM FURTHER PLEADED AND STATES AS FOLLWOS, THAT:

43.  COUNT II IS ALLEGED AGAINST DEFENDANTS PECORELLA, LAWSON AND LEMLEY, IN THEIR INDIVIDUAL CAPACITIES WHO WERE AT ALL TIMES MATERIAL HERETO, CCSO CORRECTIONAL OFFICERS AND EMPLOYEES ACTING UNDEER THE COLOR OF STATE LAW AND WITHIN THE SCOPE OF THEIR EMPLOYMENT.

44.  ON JUNE 13, 2024, LAWSON AND LEMLY HAD THE DUTY AND OPPORTUNITY TO INTERVENE ON BEHALF OF PLAINTIFF AND TO PREVEN PECORELLA FROM USING EXCESSIVE AND OBJECTIVELY UNREASONABLE FORCE IN VIOLATION OF PLAINTIFF'S CLEARLY-ESTABLISHED 4TH AMENDMENT RIGHTS, BUT THEY FAILED TO DO SO.

45.  IN PARTICULAR, TWO DEFENDANTS DID NOT ATTEMPT TO STOP PECORELLA FROM BRUTAL BATTERY PLAINTIFF DESPICE THE FACT THAT PLAINTIFF DID NOT POSE A SERIOURS THREAT OR HARM TO ANY PERSON, INMATE AND OR CORRECTIONAL OFFICER AND EVEN THOUGH IT WAS EVIDENT THAT PECORELLA'S ACTIONS AT THE SCENE WERE LIKELY TO LEAD PLAINTIFF SERIOUS INJURY. BOTH DEFENDANTS, LAWSON AND LEMLEY, DID NOT ENCOURAGE PECORELLA TO SLOW DOWN OR USE LESS FORCE.  THEY DID NOT TAKE ANY REASONABLE STEPS

TO PROTECT PLAINTIFF, EVEN THOUGH THEY WERE NEXT TO PECORELLA AT THE SCENCE AND OBSERVED PECORELLA BRUTALLY BATTERING PLAINTIFF.

46. INSTEAD, BOTH DEFENDANTS, LAWSON AND LEMLEY, EACH ONE HITTED PLAINTIFF TO AN EXTREME PLAINTIFF LOST CONSINECE.

47. THIS MISCONDUCT OF DEFENDANT, LWSON AND LEMLEY, WAS THE DIRECT AND PROXIMATE CAUSE OF THE VIOLATIONS OF PLAINTIFF'S CONSTITUIONAL RIGHTS. BY THEIR MISCONDUCT AND ACTS OR FAILURE THEM, VIOLATED CLEARLY ESTABLISED LAW GOVERNING THE DUTY TO INTERVENE TO PREVENT THE EXCESSIVE USE OF FORCE BY ANOTHER OFFICER.

48. ON JUNE 13, 2024, LAWSON AND LEMLEY, HAD THE OPPORTUNITY AND THE DUTY TO INTERVENE ON BEHALF OF PLAINTIFF TO PREVENT PECORELLA FROM USING EXCESSIVE AND OBECTIVELY UNREASONABLE FORCE IN VIOLATION OF 4TH AMENDMENT OF U.S. CONSTITUTIONON BUT TO JOINT DEFENDANT PECORELLA IN THE BRUTAL PUNCH FESTIVAL AGAINST PLAINTFF.

49. PLAINTIFF SEEKS ALL AVAILABLE COMPENSATORY AND PUNITIVE DAMAGES FOR THE FAILURE TO INTERVENE BY DEFENDANTS,, LAWSON AND LEMLEY, ON BEHALF OF PLAINTIFF AND REJECTS DEFENDANTS' JOIN OFFICER PECORELLA HITTING PLAINTIFF.

59. THIS DAMAGES INCLUDE SEVERE INJURIES SUFFERED BY PLAINTIFF, HOSPITALIZATION, PAIN AND SUFFERING, EMOTIONAL AND MENTAL DISTRESS AND PROSECUTION BY UNFUNDED CHARGES AGAINST PLAINTIFF.

## COUNT III

UNLAWFUL PATTERN, PRACTICE AND CUSTOM
MONELL CLAIM UNDER TITLE 42 U.S.C. SEC. A983, AGAINST DEFENDANT SHERIFF RAMBOSK IN HIS OFFICIAL CAPACITY FOR A PATTERN AND PRACTICE OF EXCESSIVE FORCE AND FAILURE OF ACCOUNTABILITY.

60. PLAINTIFF INCORPORAYTES BY REFERENCE THE ALLEGATIONS CONTAINED IN PARAG. 1 TO 59, ABOVE AND ALLEGES AS FOLLOWS,THAT:

61. COUNT III IS ALLEGED AGAINST COLLIER COUNTY SHERIFF RAMBOSK IN HIS OFFICIAL CAPACITY AS THE AGENCY HEAD OF THE CCSO ACTING ON BEHALF OF COLLIER COUNTY, FLORIDA.

63. CCSO, THROUGH ITS CORRECTIONAL OFFICEERS ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, HAS A PATTERN, PRACTICE AND CUSTOM OF USING UNREASONABLE AND DISPROPORTIONATE FORCE AGAINST INMATES. THESE ACTS OF EXCESSIVE FORCE INCLUDE UNREASONABLE AND UNWARRANTED BEATINGS AND CHARRGING INMATES WITH FALSE CRIMINAL CHARGES.

64. CCSO SIMILARLY HAS A RELATED PATTERN, PRACTICE AND CUSTOM OF FAILING TO ADEQUATELY INVESTIGATE, CHARGE AND HOLD ITS OFFICERS ACCOUNTABLE FOR USING SUCH UNREASONABLE AND DISPROPORTIONATE FORCE AGAINST INMATES AND FOR RELATED POLICY VIOLATIONS.

65. THESSE POLICIES, PRACTICES AND CUSTOMS ARE INTERRELATED, WIDESPREAD AND WELL-KNOWN WITHIN CCSO RAMBOSK AND SENIOR LEADERSHIP IN THE CCSO INCLUDING THOSE WITHIN THE CCSO PROFESSIONAL REPONSIBILITY BUREAU, ARE ALERTED TO ALL INCIDENTS IN WHICH THEIR OFFICER ARE ALLEGED TO HAVE USED EXCESSIVE FORCE. YET CCSO, THROUGH RAMBOSK AND CCSO LEADERSHIP, SYSTEMATICALLY FAILS TO ADEQUATELY INVESTIGATE, CHARGE AND EFFECTIVELY DISCIPLINE OFFICER FOR SUCH CONDUCT . RAMBOSK AND CCSO LEADERSHIP APPROVE AND ACQUIESCE IN THE MISCONDUCT OF CCSO OFFICERS AND CORRECTIONAL PERPETUATE A CULTURE OF VIOLENCE AND IMPUNITY WITHIN THE SHERIFF'S OFFICE.

66. BY PROMOTING, APPROVING AND PERPETUATING THESE POLICIES, PRACTICES AND CUSTOMS, CCSO THROUGH RAMBOSK, HAVE ACTED WITH DELIBERATE INDIFERRENCE TO THE CONSTITUIONAL RIGHTS OF INMATES AND CIVILIANS IN COLLIER COUNTY, INCLUDING PLAINTIFF. RAMBOSK AND HIS LEADERSHIP INTENTIONALLHY TURNED A BLING EYE TO THE SERIOUS RISK THAT THE CCSO'S POLICIES PRACTICES AND CUSTOMS OF EXCESSIVE FORCE AND FAILED ACCOUNTABILITY WOUL LEAD TO VIOLATIONS OF INMATES AND CIVILIANS' 4TH AMENDMENT RIGHTS.

67. CCSO'S POLICIES, PRACTICES AND CUSTOMS OF EXCESSIVE FORCE AN FAILED ACCOOUNTSBILITY WERE THE MOVING FORCE BEHIND THE ACTIONS OF THE INDIVIDUAL DEFENDANTS CORRECTIONAL OFFICERS AS ALLEGED IN THIS COMPLAINT.  AS A RESULT OF THE CCSO'S POLICIES,PRACTICES AND CUSTOMS AS ALLEGED IN THIS COMPLAINT DEFENDANTS OFFICERS KNEW THAT THEY COULD ABUSE THEIR POWER BY SUBJECTING PLAINTIFF TO DISPORPORTIONATE AND EXCESSIVE FORCE AND BY FAILING TO INTERVENE TO PREVENT SUCH EXCESSIVE FORCE, AND THAT THEY WOULD NOT BE DISCIPLINED OR IN ANY WAY HELD TO ACCOUNT FOR THIS MISCONDUCT.

68. SHERIFF RAMBOSK IN HIS OFFICIAL CAPACITY ON BEHALF OF COLLIER COUNTY, IS SEPARATELY LIABLE FOR FAILING TO ADEQUATELY SCREEN DEFENDANTS BEFORE PROMOTING THEM TO CORRECTIONAL OFFICERS.

69. AT ALL TIMES MATERIAL HERETO, PURSUANT CCSO POLICY, RAMBOSK HAD FINAL AUTHORITY OVER IMPLEMENTING CCSO RULES AND PROCEDUREES GOVERNING THE HIRING, SCREENING, SUPERVISION,, DISCIPLINE, RETENTION AND PROMOTION OF CCSO OFFICERS ON THE STREET OR IN JAIL.

70. PLAINTIFF SEEKS ALL AVAILABLE COMPENSATORY DAMAGES AGAINST RAMBOSK AS SET FORTH IN PARAG. 1 TO 69. THESE DAMAGES INCLUDE  SEVERE BODILY INJURYY, PAIN AND SUFFERIN AND EMOTIONAL AND MENTAL DISTRESS SUFFERED BY PLAINTIFF.

71. TITLE 42 U.S.C. SEC.1983 CREATES A CAUSE OF ACTION AGAINST ANY PERSON WHO DEPRIVES SOMEONE OF THEIR FEDERALLY PROTECTED RIGHTS UNDER COLOR OF STATE LAW.  TO SUCCED IN A MONELL CLAIM, PLAINTIF MUST PROVE: (1) THAT HIS CONSTITUIONAL RIGHTS WERE VIOLATED (SOMETHING ALL READY DONE); (2) THAT THE MUNICIPALITY HAD A CUSTOM OR POLICY THAT CONSTITUTED DELIBERATE INDIFFERENCE TO THAT CONSTITUTIONAL RIGHT (SHOWING ON THE DELIBERATE INDIFERENCE OF ALL OFFICIALS AND HIGH RANK SUPERVISORS OF DEFENDANTS); AND (3) THAT THE POLICY OR CUSTOM CAUSED THE VIOLATION (IT ALL READY DONE). SEE MCDOWELL VS BROWN 392 F. 3D 1283 (11TH CIR. 2004)

72. AS SHOWN SUPRA, COLLIER COUNTY GOVERNMENT HAS EXECUTE A POLICY AND CUSTOM THAT INFLICTS INJURY ON PERSONS BECAUSE THEY HAVE a.

AN EXPRESS POLICY OF DELIBERATE INDIFERENCE TO THE CONSTITUTIONAL RIGHTS OF PERSONS; WHICH IN FACT CONSTITUTES A CUSTOM  AND ALSO HAS SHERIFF RAMVOSK AND HIGHER OFFICER DOING THIS MISCONDUCT A POLICY OF THIS DEPARTMENT.

73.  SHERIFF RAMBOSK IS NOT AN INDEPENDENT CONSTITUTIONAL OFFICER FOR WHICH COLLIER COUNT IS RESPONSIBL AND OF ITS ACTS OR OMISSIONS.

74.  11TH CIRCIT COURT OF APPEALS DEFINED THAT WHEN THE DEFENDANT IS THE COUNTY SHERIFF, THE SUIT IS EFFECTIVELY AN ACTION AGAINST THE GOVERNENTAL ENTITY HE REPRESENT, IN THS CASE COLLIER COUNTY. SEE COOK, EX REL. EST OF TESSIER VS SHERIFF OF MONROE CITY, FLA. 402 F. 3D 1092.

75.  PLAINTIFF FURTHER ALLEGES THAT PURSUANT TO FLA. STAT. ANN. SEC. 111.071, FLORIDACOUNTIES ARE DIRECTED LIABLE WITHIN THE SCOPE OF THEIR EMPLOYMENT ACTIVITIES.  THEREFORE, COLLIER COUNTY IS RESPONSIBLE FOR JUDGMENTS ENTERED AGAINST THEIR DEPUTIES OR CORRECTIONAL OFFICER, IN THIS CASE RYAN PECORELLA, MAXWELL LAWSON AND RANDY LEMLEY.

## COUNT IV
## BATTERY STATE LAW CLAIM
### PLAINTIFF ACTION UNDER FLA. STAT. ANN SEC. 46.021 AGAINST CORRECTIONAL OFFICER PECORELLA IN HIS INDIVIDUAL CAPACITY.

76. PLAINTIFF INCORPORATES BY REFERENCE THE ALLEGATIONS CONTANED IN PARAG., 1 TO 75 SUPRA, AND FURTHER ALLEGES AS FOLLOWS THAT:

77. COUNT IV IS ALLEGED AGAINST DEFENDANT PECORELLA, IN HIS INDIVIDUAL CAPACITY WHO WAS AT ALL TIMES MATERIAL HERETO A CCSO CORRECTIONAL AGENT AND EMPLOYEE ACTING UNDER COLOR OF STATE LAW AND WITHIN THE SCOPE OF HIS EMPLOYMENT.

78. IN THE COURSE OF RESPONDING TO REPORT PLAINTIFF TO THE MEDICAL NURSE TO REFUSE MEDICAL MEDICATION, DEFENDANT PECORELLA COMMITTED THE INTENTIONAL TORT OF BATTERY ON PLAINTIFF. PECORELLA GRABBED PLAINTIFF AND HITTED HIM SEVERAL TIMES AND AGAINST THE WALL.

79. PECORELLA USE OF FORCE WAS EXCESSIVE AND UNREASONABLE UNDER THE CIRCUMSTANCES WERE THE REQUEST WAS TO SIGN OR REFUSE TO SIGN ONE REFUSE TO TAKE MEDICATION.

80. PECORELLA ACTED IN A MANNER EXHIBITING WANTON AND WILLFUL DISREGARD OF PLAINTIFF HUMAN RIGHTS AND SAFETY.

81. AS A DIRECT AND PROXIMATE RESULT OF PECORELLA'S INTENTIONAL BATTERY, PLAINTIFF INCURRED SERIOUS DAMAGES INCLUDING GRIEVOUS BODILY INJURY, PHYSICAL PAIN AND SUFFERING, AND EMOTIONAL DISTRESS. BY THIS COUNT, PLAINTIFF SEEKS ALL AVAILABLE COMPENSATORY AND PUNITIVE DAMAGES RECOVERABLE UNDER FLORIDA STATE LAW, INCLUDING FLA. STAT. ANN SEC. 4.021 AND SEC. 768.72 ET. SEQ.,

COUNT IV
BATTERY STATE LAW CLAIM
PLAINTIFF ACTION UNDER FLORIDA STATUE ANNOTED SEC. 46.021
AGAINST SHERIFF RAMBOSK IN HIS OFFICIAL CAPACITY

82. PLAINTIFF INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN PARAG. 1 TO 81 AS FULLY PLEADED AND FURTHER ALLEGES THE FOLLOWING:

83. PURSUANT TO FL. AT., ANN. SEC., 768.28(6), PLAINTIFF HAS PRESENTED THIS CLAIM IN WRITING TO CCSO AND A FINAL DISPOSITION DENYING PLAINTIFF CLAIM. INSTEAD, CCSO CHARGED PLAINTIFF WITH TWO CRIMINAL CHARGES, TO WITT: a. BATTERY ON LEO OR FIREFIGHTER IN VIOLATION OF FL. ST. 784.07(2b) AND RESISTANCE TO LAW ENFORCEMENT OFFICER WITHOUT VIOLENCE IN VIOLATION OF FL., ST., 843.02.

84. ALL CONDITIONS PRECEDENT TO THE BRINGING AND MAINTENANCE OF THIS ACTION HAVE BEEN SATISFIED, PERFORMED OR WAIVED INCLUDING COMPLIANCE WITH THE NOTICE REQUIREMENTS SET BY FL. ST. ANN. SEC. 768.28(6).

85. COUNT III IS ALLEGED AGAINST SHERIFF RAMBOSK IN HIS OFFICIAL CAPACITY ON BEHALF OF COLLIER COUNTY UNDER FLORIDA LAW ST. AN. SEC. 768.28(9) WHICH HOLDS A GOVERNMENT ENTITY VICARIOUSLY LIABLE FOR PERSONAL INJUJRY CAUSED BY NEGLIGENT OR WRONGFUL ACTS OR OMISSIONS OF ITS EMPLOYEES AND AGENTS ACTING WITHIN THE COURSE AND SCOPE OF THEIR EMPLOYMENT AND/OR OFFICE.

86. RAMBOSK, IN HIS OFFICIAL CAPACITY ON BEHALF OF COLLIER COUNTY IS VICARIOUS LY LIABLE FOR PLAINTIFF INTENTIONAL BATTERY.

87. ON JUNE 13, 2024, DEFENDANT PECORELLA WAS ACTION WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH THE CCSO WHEN HE COMFRONTED PLAINTIFF AT THE CENTER DETENTION.

88. AT THE SCENE, PECORELLA COMMITTED THE TORT OF BATTERY ON PLAINTIFF BY INTESNTIONALLY AND UNREASONABLE HITTED PLAINTIFF MORE THAN FIFTEEN (15) TIMES WITHOUT RESISTANCE BY PLAINTIFF.

89. AS A DIRECT AND PROXIMATE RESULT OF PECORELLA INTENTIONAL BATTERY PLAINTIFF INCURRED SERIOURS DAMAGES IN THE PERIOD OF TIME OF THE UNLAWFUL ATTACK, INCLUDING GRIEVOUS BODILY INJURY, PHYSICAL PAIN AND SUFFERING AND EMOTIONAL DISTRESS. BY THIS COURT, PLAINTIOFF SEEKS ALL AVAILABLE COMPENSATORY DAMAGES RECOVERABLE UNDER FLA. STATE LAW INCLUDING FLA. STAT ANN SEC. 46.021.

## COUNT V
PLAINTIFF ACTION UNDER FLA. STAT ANN SESC. 46.021 AGAINST DEFENDANT OFFICERS LEMLEY AND LAWSON IN THEIR INDIVIDUAL CAPACITIES.

81. PLAINTIFF INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN PARAG. 1 TO 89 AS FULLY PLEADED AND SATES:

82. COUNTS I & II ARE ALLEGED AGAINST DEFENDANTS LEMLEY AND LAWSON IN THEIR INDIVIDUAL CAPACITIES, WHO WERE AT ALL TIMES MATERIAL HERETO CCSO CORERCTIONAL OFFICER S AND EMPLOYEES ACTING UNDER COLOR OF STATE LAW AND WITHIN THE SCOPE OF THEIR EMPLOYMENT.

83. THE ACTS AND OMISSIONS OF LEMLEY, INCLUDING HIS INTENTIONAL BATTERING OF PLAINTIFF SEVERAL TIMES WERE PLANTIFF WAS NOT RESISTING AS SET FORTH IN PRIOR COUNTS WERE EXTREME, OUTRAGEOUS AND BEYOND OF STATE AND FEDERAL LAW.

84. LEMLEY AND LAWSON VIOLENT ACTS WERE ROOTED IN AN ABUSE OF THEIR LAW ENFORCEMENT AUTHORITY AND WERE UNDERTAKEN PURPOSEFULLY AND IN RECKLESS DISREGARD OF THE LIKELIHOOD THAT THEIR CONDUCT WOOULD CAUSE SEVER PHYSICAL AND EMOTIONAL DISTRESS TO PLAINTIFF.

85. LEMLY AND LAWSON ACTED IN A MANNER EXHIBITING WANTON AND WILLFUL DISREGARD OF PLAINTIFF HUMAN RIGHTS AND SAFETY. THEY KNEW OR

REASONABLY SHOULD HAVEN KNOWN THAT THESE ACTS AND OMISSIONS VIOLATED PLAINTIFF RIOGHTS AND HIS SAFETY, YET THEY DISREGARDED THE FORESEEABLE CONSEQUENCES OF THEIR CONDUCT. THUS, THEY ARE NOT ENTITLED TO IMMUNITY UNDER FLA. STA. ANN SEC. 768.28

86. AS A DIRECT AND PROXIMATE CONSEQUENCES OF LEMLY AND LAWSON ACTS AND OMISSIONS, PLAINTIFF SUFFERED SEVERE PHYDIVSL AND EMOTIONAL DISTRESS IN ALL THE MOMENTS THIS ORDERAL TRANSCURRED.

87. PLAINTIFF SEEKS ALL AVAILABLE COMPENSATORY AND PUNITIVE DAMAGES RECOVERABLE UNDER FLORIDA STATE LAW, FL. STAT. ANN SEC. 46.021 AND SEC. 768.72 ET SEQ.

COUNT V
PLAINTIFF ACTION UNDER FL STAT. ANN SEC. 46.021 AGAINST DEFENDANT SHERIFF RAMBOSK IN HIS OFFICIAL CAPACITY

88. PLAINTIFF INCORPORATES BY REFERNCE THE ALLEGATIONS CONTAINED IN PARAG. 1 TO 87 AS SET FULLY PLEADED.

89. PURSUANT TO FL. ST. ANN 786.28(6) PLAINTIFF HAS PRESENTED THIS CLAIM IN WRITING TO COLLIER COUNTY AND TO THE CCSO WJICH MADE A FINAL DISPOSITION OF THE CLAIM DENYING HIS CLAIM AND SANCTION PLAINTIFF.

90. ALL CONDICTIONS PRECEDENT TO THE BRINGING AND MAINTENANCE OF THIS ACTION HAVE BEEN SATISFIED, PERFORMED OR WAIVED, I9NCLUDING COMPLIANCE WITH THE NOTICE REQUILREMENTS SET BY FL. ST. AN SEC. 768.28

91. COUNT IV IS ALLEGED AGAINST COLLIER COUNTY SHERIFF RAMBOSK, IN HIS OFFICIAL CAPACITY ON BEHALF OF COLLIER COUNTY, UNDER FLORIDA LAW, WHICH HOLDS A GOVERNMENT ENTITY VICARIOUSLY LIABLE FOR PERSONAL INJURY CAUSED BY NEGLIGENT OR WRONGFUL ACTS OR OMISSIONS OF ITS EMPLOYEES AND AGENTS ACTING WITHING THE COURSE AND SCOPE OF THEIR EMPLOYMENT AND/OR OFFICE.

92.    AS A DIRECT AND PROXIMATE RESULT OF PECORELLA, LAWSON AND LEMELY'S NEGLIGENCE, FOR WHICH SHERIFF IS VICARIOUSLY LIABLE FOR PLAINTIFF GRIEVOUS BODLY HARM, PHYSICAL PAIN AND SUFFERING AND EMOTIONAL DISTRESS.  BY THIS COUNT, PLAINTIFF SEEKS ALL AVAILABLE COMPENSATORY DAMAGES RECOVERABLE UNDER FLORIDA STATE LAW, INCLUDING FL. ST. SEC. 46.021 AND SEC. 768.81.

PLAINTIFF'S RELIEF REQUESTED.

WHEREFORE, PLAINTIFF RESPECTFULLY DEMANDS THIA HONORABLE COURT ENTER JUDGMENT IN HIS FAVOR AND AGAINST ALL DEFENDANTS, AWARDING COMPENSATORY DAMAGES, COSTS AND ATTORNEYS' FEES AS PROVIDED FOR SEC. 42 U.S.C. SEC. 1988 AND BY FL. STATE LAW, AS WELL AS PUNITIVE DAMAGES AGAINST EACH OF THE INDIVIDUAL DEFENDANTS, AND SUCH FURTHER ADDITIONAL RELIEF THIS HONORABLE COURT DEEMS PROPER AND JUST.

CERTIFICATE OF SERVICE:  A TRUE AND CORRECT COPY OF THIS COMPLAINT WILL BE SERVED ON EACH DEFENDANT BY PROPER SERVICE OF PROCESS ON THIS DATE

PLAINTIFF, JUAN C. RAMIREZ, PRO SE
ADRESS: 4404 NORMANDY DRIVE- NAPLES, FL 34112J
E MAIL
PHONER # 239- 832- 1204

SIGNED UNDER PENALTY OF PERJURY.    PLAINTIFF
SIGNATURE: Juan Carles Ramirez